GLENN BOWDEN

    Petitioner,

        V

DEPARTMENT OF CORRECTIONS, Rod R. Blagojevich    NO. 3:05-cv-3051

ROGERS E. WALKER Jr. in his official capacity as

        Director of the department of Corrections, and

WARDEN WINTERS, Asst. WARDEN PARKER, Asst. WARDEN S. FUNK,

WARDEN GUY PIERCE, WARDEN STEPHEN D. MOTE, L.t. CLETUS R. SHAW,

TERRY R. WADE, L.t. BENNY D. DALLAS, JULIA I. VINCENT,

PRISON REVIEW BOARD CHAIRPERSON DOUGLAS A. CRAVENS; et. al;

in his individual capacity and in his official capacity AS A

Correctional officer at the department of Corrections;

        DEFENDANTS, MARY E. HODGE, Chief Investigations and Intelligence

## Writ of Habeas Corpus
## Amended Complaint

Now comes petitioner GLENN BOWDEN, Pro Se and moves this Honorable Court to File this HABEAS CORPUS pursuant to S.H.A. 730 ILCS 5/3-8-7. S.H.A. 720 ILCS 5/8-1.1, 5/31 A-1.1; Public Act 89-688 § 2. S.H.A. 730 ILCS 5/3-6-3(A)(2),(e). S.H.A. 770 ILCS 35/0.01; 770 ILCS 35/1; 770 ILCS 35/2; 770 ILCS Public Act 89-404 § 15 et seq., And Request this COURT to Restore his revoked good conduct Credit for the following reasons.

In Support thereof, petitioners state as Follows:

)Petitioner GLENN Bowden; currently incarcerated at Pontiac Correctional CENTER. Petitioner have Exhausted the Administrative remedies to compell, Director Rogers E. WALKER JR; WARDEN Stephen Mote; Public Review Board; WARDEN Guy A. Pierce; Department of Corrections, et. Al; From intentional with consent or participation in violating the disciplinary procedures; 20 ILAC § 107.150 Revocation of Statutory Goodtime and Good Conduct Credits. S.H.A. 730 ILCS 5/3-8-7 disciplinary procedures (ch. 38, par. 1003-8-7). This act violates Public Act 89-688 § 2, And the Single Subject Rule of our Constitution (Article IV, Section 8(d). SEE People v. Jerry LEE Foster, 316 Ill. App. 3d

855, (Article IV, Section 8 (d) and is therefore unconstitutional in its entirety . . . The Illinois Constitution of 1970.

Department of Corrections, is improperly calculating my "good time" credit by implementing an unconstitutional statute when determining the time I have remaining to serve before my release. . .

Administrative agency cannot constitutionally be vested with authority to determine what law shall be, and intelligible standards to guide agency in rule-making authority must be supplied by Legislature. . .

2) Upon information and belief Roger E. Walker Jr; and Rod R. Blagojevich are residents of the State of Illinois and at all relevant times hereto were employees of the (I.D.O.C.) acting under the statutes, ordinances, customs and regulations of the State of Illinois and of said Department. Defendant Roger E. Walker Jr; is the Director and Rod R. Blagojevich is the Governor, of the State of Illinois . . .

3) Upon information and belief Jane Doe and John Doe are residents of the State of Illinois and at all relevant times here to were employees of the IDOC, and . . . acting under the statutes, ordinances and customs and regulations of the State of Illinois and of said Department. Defendants Jane Doe and John Doe were at all times employeed as members of the Prison Review Board, Springfield, Illinois.

4). Upon information and belief Eddie Jones is a resident of the State of Illinois and at all relevant times hereto was an employee of the IDOC acting under the statutes, ordinances, customs and regulations of the State of Illinois and of said Department. Defendant Eddie Jones was at all times employeed as Chief Administrative Officer Pontiac. C.C.

## Count One

Mr. Bowden claim for violation of Illinois Administrative Codes 504.150, 107.160, 504.30. 504.40, 504.50, 504.60, 504.80 and Public Act 89-688 [ S.H.A. 730 ILCS 5/3-8-7 ]

5. That the Plaintiff on many various times was written many disciplinary that placed him in solitary confinement for more than 30 days . . .

6. That the Plaintiff also was written many disciplinary report at various times between November ? or 1-2-97 and May 18, 2006 where good time was taken by the Adjustment committee and enforced by the members of the Prisoner Review Board . . . Where there was a total of 2 years, 4 months goodtime that was revoked and this Plaintiff has exhausted all state remedies to compell each of the named defendants to restore the good time that was revoked . . .

7. That all the goodtime taken has extended the plaintiff's stay in prison . . . This is in violation of 20 ILAC 504.150 Restoration of Goodtime, as well as 107.150 Revocation of Statutory Goodtime and Good Conduct Credits . . . Therefore the plaintiff was convicted and sentences to 24 years, December 12, 1995 and this was day for day. This would have made the plaintiff out date June 19, 2006, yet the plaintiff is still being held in prison. Plaintiff is now serving the maximum part of sentence . . .

8. That S.H.A. 730 ILCS 5/3-3-7 Disciplinary Procedures has in Fact violated the plaintiffs due process and when the Appellate Court of Illinois stated "The general subject matter of the bill and the provisions of this section are entirely discordant. Therefore, Public Acts' 89-688 is unconstitutional... See People v. Foster 250 Ill. Dec. 148, 737 N.E. 2d 1125 (Ill. App 4 Dist 2000).

   The Court shall in each case be entered upon the records Thereof. It shall be deemed and taken as a part of every such Sentence as Fully as Though written therein, that the term of Such imprisonment or commitment may be terminated earlier than the maximum by the Division of Correction, by and with the approval of the Governor in the nature of a release or commutation of sentence or commitment... When the duration of imprisonment has expired in accordance with such recommendation, there is no discretion in the Division of Correction, but the prison must be discharged. (See Supreme Court of Illinois People v. Montana 380 Ill. 596. 44 N.E. 2d 569)

9. That habeas corpus proceedings are appropriately brought by a person under sentence of imprisonment only when the original judgment of conviction is void or where the prisoner has subsequently become etitled to his Final discharge... The Act also provides For discharge, where though the original imprisonment was lawful yet by some Act. Omission or Event which has subsequently taken place, the party has become entitled to his discharge... People ex rel. Jefferson v. Brantley. 44 Ill. 2d 31, 34, 253 N.E. 2d 378;

People ex rel; Castle v. Spivey, 10 Ill. 2d 586, 141 N.E. 2d 321.
Citing ex rel, Earl Johnson v. Pate 47 Ill. 2d 172, 265 N.E. 2d 144)

Therefore this plaintiff seeks to have all of the good time taken
restored and the sentence he is now serving As unconstitutional
And have the plaintiff released From prison at this time...

The Defendants are therefore
given 30 days to ANSWER
or otherwise pled.

Respectfully Submitted
by:
  Glenn Bowden
  P.O. Box 99
  Pontiac, IL 61764-0099

GLENN BOWDEN B-00157 declare under penalty of perjury that
information contained in this Writ of Habeas Corpus/or Complaint
For Habeas Corpus Relief is based upon personal and direct
Knowledge and if called upon to testify... I state the
Foregoings are true and correct pursuant to 28 USC § 1746.

Subscribed and sworn to
before me on this 4 day
of June, 2006

  Glenn Bowden B-00157

**Notice of Motion/Proof of Service**

To: Clerk of Circuit Court of

<u>S</u>A<u>N</u>GA<u>H</u>O<u>N</u>____ County

_____

_____

_____

To: States Attorney Office

_____

_____

_____

**Attention: Clerk would you please stamp one copy "File and return to me as receipt."**

---

**Certification of Service**

I, <u>Glenn Bowden</u>, swear under penalty of perjury that I served the above attached motion for Post-Judgement Relief by placing said documents in the United States mail box, first class postage, prepaid at the <u>Pontiac Correctional Center</u> located at <u>P.O.Box 99, Pontiac, IL 61764-0099</u> on the date signed herein by the Notary Public.

Affiant

<u>Glenn Bowden</u>
#B-00157
P.O.Box 99
Pontiac, IL 61764-0099

**Signed and sworn before me**

**on this ____ day of _____, 20__.**

_____
**Notary Public**



IN THE CIRCUIT COURT OF _Sangamon_ COUNTY

STATE OF ILLINOIS

| | |
|---|---|
| People of The State of Illinois | Case No. _____ |
|     Plaintiff | Honorable _____ |
|     Vs. | Presiding Judge |
| _Department of Corrections; e.t. Al;_ | |
| Defendant-Petitioner | |

### Motion For Appointment of Counsel

Now comes   GLENN Bowden       Pro-se, petitioner herein and pursuant to
735 ILCS 5/5-105; 752 ILCS 5/113-3 and 55 ILCS 5/3-4006 and respectfully move this
Honorable Court to appoint counsel for him.  Petitioner further request that this
Honorable Court require counsel to read the mittimus sheet and the calculation work-
sheet that was prepared by the Illinois Department of Corrections and consult with
petitioner to amend his petition for Post-Judgement Relief and whatever is necessary and
proper if needed.  In support thereof, petitioner states as follows:

1. Petitioner is without the service of counsel to represent him in this matter and
   request this Court to appoint counsel to represent him.

2. Petitioner states that he would be prejudice without the appointment of
   counsel in this matter and the petitioner will suffer the deprivation of his
   constitutional rights at issue in this Court; thus, a conflict of interest exists.

3. Petitioner is without sufficient income or assets to pay for the cost of these
   proceedings or to employ an attorney to represent him in this matter.
   Petitioner also has filed an application to proceed as a poor person.

Wherefore, petitioner,  GLENN Bowden       , prays that this Honorable Court
will grant him counsel without prejudice prior to hearing this matter.

Respectfully submitted,

_Glenn Bowden_

IN THE CIRCUIT COURT OF _Sangamon_ COUNTY

STATE OF ILLINOIS

| | |
|---|---|
| People of The State of Illinois | Case No. _____ |
|     Plaintiff | Honorable _____ |
|     Vs. | Presiding Judge |
|   _Department of Corrections, et, Al_ | |
|     Defendant-Petitioner | |

### Application for Leave to Sue or Defend as a Poor Person

Applicant, _Glenn Bowden_ , respectfully requests that this Honorable Court, pursuant to 735 ILCS 5/2-105 and rule 298 of the Illinois Supreme Court to grant him leave to proceed as a poor person and in support thereof, Applicant states that the following is true in fact and substance:

1. I _Glenn Bowden_ am the petitioner in the above captioned cause of action.

2. Applicant is presently incarcerated at the _Pontiac_ Correctional Center, located at _P.O. Box 99_ , _Pontiac_ , Illinois _61764_.

3. Applicant is a poor person and unable to pay the costs, fees, and expenses incurred in this action.

4. Applicant has not proceeded in forma pauperies in the last year proceeding this application.

5. Applicant does not own any real estate or personal property that could be used or sold for funds.

6. My occupation of means is subsistence.

   a. Applicant is not currently employed due to his incarceration at _Pontiac_ Correctional Center, but I receive an _indigent_ a month to purchase necessary hygiene terms.

   b. Applicant has no means or other source of income. _None_

( 🖋 )

## Verification

I, Glenn Bowden , hereby verify by affirmation that I have read and do understand the contents of the foregoing petition for Post Judgement Relief in the above captioned cause of action; and states:

1. All matters stated therein are both true in fact and substance.

Respectfully submitted,

*Glenn Bowden*

## Prayer For Relief

Wherefore, petitioner, _Glenn Bowden_ prays that this Honorable Court grant without prejudice:

A. Nangles

B. Grant petitioner wide latitude and liberal interpretation and reading of the instant pleading because petitioner is proceeding pro-se, without the invaluable assistance of counsel, pursuant to 735 ILCS 5/1-106 and 735 ILCS 5/2-603.

C. Grant petitioner a prompt plenary and/or evidentiary hearing if necessary to ascertain any dispense with if any relief that he is entitled by law an equity to receive as a matter of fundamental fairness and in the spirit and interest of substantial justice.

D. Grant petitioner any and all other relief that this court deems just and proper in the premise that petitioner may by law and equity be entitled to receive as a matter of fundamental fairness and in the spirit and interest of substantial justice.

(10)

# AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, Glenn Bowden B-00157, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109, 28 USC 1746 or 18 USC 1621 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing document(s) is/are known to me and is/are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this   7   day of July ,
200 6 .

Glenn Bowden B-00157

**Affiant**